County Hospitals — Surplus Funds — Improvements A county hospital may use surplus funds for improvements or additions to the hospital building. A county hospital may not contract for improvements or additions when funds are not presently available; may not arrange a form of payment in the future or issue any type of bond except upon a vote of the people of the county as required by law. An attorney who is a member of the board of control of a county hospital cannot be employed by the board on a retainer, contingency or other basis to perform legal services for such board or hospital. The Attorney General is in receipt of your letter of October 23, 1969, wherein you state: "The Grady County Memorial Hospital, operating as a county hospital under Title 19 O.S. 781 [19-781] and 19 O.S. 795 [19-795] (1969), has requested me to submit the following questions for your consideration. "a. May a county hospital use surplus funds on hand for purpose of making capital improvements or additions to an existing building for purpose of enlarging the physical plant and facilities of the existing hospital? "b. May a county hospital enter into a contract with a contractor or other loan agency in order to arrange for a form of payment of a balance of a contract for improvement or facilities where sufficient funds are not available for paying for the same at the time of construction or as of the date of arranging for the same? "c. May a county hospital as such, issue any type of bond for purpose of arranging for payment of any balance due for improvements to the hospital facilities?" You further state that a member of the Board of Control of the county hospital is an attorney at law and in this regard you have been requested to ask whether or not the Board of Control may employ said attorney as follows: "d. On a normal retainer basis for such duties as might be required in behalf of said hospital of an Attorney. "e. On a contingency basis to collect accounts receivable to the hospital. "f. Is there any unethical conduct or violation of law where said Attorney as a member of the Board in its entirety to perform certain functions outside the normal scope of duties of members of the Board of Control and where such actions on behalf of the hospital must be handled by some Attorney in such cases?" Title 19 O.S. 790.1 [19-790.1] (1969), provides in part: "The board of control shall in management of a county hospital: . . . . "9. Determine when there is a surplus in any of the funds of the hospital and if so determined may invest such surplus in United States Government Bonds or insured securities or in insured time deposits until such time as in the judgment of the board of control it is deemed advisable to use such funds for hospital purchase of equipment, repair, remodeling, or new construction of hospital property." The above provision of law clearly allows the board of control of a county hospital to use surplus funds on hand for the purpose of making capitol improvements or additions to existing buildings for the purpose of enlarging the physical plant or facilities of the existing hospital. Your question "a" is therefore answered in the affirmative. Article X, Section 26
Oklahoma Constitution, provides in pertinent part: ". . .No county, . . . or other political corporation, or subdivision of the State, shall be allowed to become indebted, in any manner, or for any purpose, to an amount exceeding, in any year, the income and revenue provided for such year, without the assent of three-fifths of the voters thereof, voting at an election, to be held for that purpose, nor in cases requiring such assent, shall any indebtedness be allowed to be incurred to an amount, including existing indebtedness, in the aggregate exceeding five per centum (5%) of the valuation of the taxable property therein, to be ascertained from the last assessment for State and county purposes previous to the incurring of such indebtedness . . . ." This constitutional provision is an absolute prohibition against incurring indebtedness exceeding the revenue for any year without a vote of the people. Your questions "b" and "c" are therefore answered in the negative. A county hospital may not enter into a contract with a contractor or other loan agents in order to arrange for a form of payment of a balance of a contract for improvement of facilities where sufficient funds are not available for paying for the same at the time of the construction or as of the date of arranging for the same. For the same reason a county hospital as such may not issue any type of bond for purpose of arranging for payment of any balance due for improvements to hospital facilities. The only bond we find authorized by law for county hospitals is that issued under authority of 19 O.S. 782 [19-782] (1961), which provides the calling of election and a vote by the people upon bonds to build a county hospital building or to enlarge county hospitals. Title 19 O.S. 790.1 [19-790.1] (1969), provides in pertinent part: "The board may in extraordinary legal matters employ other counsel and pay for such service from the general funds of such hospital. No member of the board of control shall have a personal pecuniary interest either directly or indirectly in any purchases or contracts for said hospital unless the same are purchased or awarded by competitive bids." Your questions "d," "e" and "f" will be answered collectively as follows: No member of the board of control of a county hospital who is an attorney at law can be employed by the board of control on a normal retainer basis, on a contingency basis or otherwise to collect the accounts receivable to the hospital. We feel that for the attorney-member of the board of control to contract with the board of control would be a violation of the above quoted section, Section 19 O.S. 790.1 [19-790.1], since no member of the board of control can contract with the board in any manner. (W. J. Monroe) ** SEE: OPINION NO. 71-246 (1971) ** ** SEE: OPINION NO. 73-299 (1974) **